# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**04-0540**

**STATE OF LOUISIANA**

**VERSUS**

**DONALD E. SNEED**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT,
PARISH OF VERNON, NO. 55144,
HONORABLE JOHN C. FORD, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**JIMMIE C. PETERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Michael G. Sullivan, and John B. Scofield,[*] Judges.

**WRIT GRANTED AND MADE PEREMPTORY.**

**Edwin L. Cabra**
**Assistant District Attorney**
**Thirtieth Judicial District**
**Post Office Box 1188**
**Leesville, LA  71446**
**(337) 239-2008**
**COUNSEL FOR:**
    **State of Louisiana**

**Elvin C. Fontenot, Jr.**
**Attorney at Law**
**110 E. Texas Street**
**Leesville, LA  71446**
**(337) 239-2684**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Donald E. Sneed**

---

[*]John B. Scofield participated in this decision by appointment of the Louisiana Supreme Court as judge pro tempore.

PETERS, J.

We granted this application for supervisory writs to address the issue of whether a trial court can terminate a defendant's probation and then reinstate the probation two years later. In this case, the trial court placed the defendant, Donald E. Sneed, on supervised probation on February 19, 1999; discharged him from that probation on April 1, 2000; and reinstated him to that on July 17, 2002. For the following reasons, we grant the writ application and vacate the trial court order that reinstated the defendant to probation.

## DISCUSSION OF THE RECORD

Between December of 1997 and May of 1998, the defendant engaged in what can only be described as a crime spree in Vernon Parish, Louisiana, committing numerous thefts and burglaries. On September 21, 1998, the State of Louisiana (acting through the Vernon Parish District Attorney's office, sometimes hereinafter referred to as the "District Attorney's office" or the "state"), charged the defendant by bill of information with thirty-five separate offenses, including one count of simple criminal damage to property, a violation of La.R.S. 14:56; one count of aggravated burglary, a violation of La.R.S. 14:60; five counts of simple burglary, violations of La.R.S. 14:62; ten counts of simple burglary of an inhabited dwelling, violations of La.R.S. 14:62.2; and eighteen counts of theft, violations of La.R.S. 14:67. The defendant appeared in open court on September 21, 1998, and pled not guilty to all charges. On that same date, the trial court set all the charges for trial on December 14, 1998.[1]

---

[1] The trial court minutes of September 21, 1998, did not separate the simple burglary charges from the charges of simple burglary of an inhabited dwelling, but simply stated that the defendant entered a not guilty plea to fifteen counts of simple burglary. Additionally, on October 26, 1998, the state filed a second bill of information charging the defendant with the same offenses as described in the September 21, 1998 bill of information. The defendant was again arraigned on the charges and entered a not guilty plea to all charges. The court minutes of that date contain the same confusion

On December 3, 1998, apparently pursuant to a plea agreement with the District Attorney's office, the defendant withdrew his prior plea to ten of the burglary counts[2] and entered guilty pleas to ten counts of simple burglary. The trial court ordered a presentence investigation report and set a sentencing hearing for February 19, 1999.

At the sentencing hearing,[3] the trial court sentenced the defendant, on each count, to serve twelve years at hard labor and to pay a $1,000.00 fine, gave the defendant credit for time served, and ordered that the incarceration sentences run concurrently with each other and with any other sentence to which the defendant was then subjected. The trial court then suspended all but eight months of the incarceration sentence,[4] suspended the payment of all but one of the fines imposed, placed the defendant on five years supervised probation, and made the supervised probation subject to both specific and general conditions.

On March 16, 2000 a probation and parole officer of the Louisiana Department of Corrections (DOC) filed a motion and order requesting that the trial court terminate

concerning separation of the simple burglary charges from the simple burglary of an inhabited dwelling charges as did the court minutes of September 21, 1998. While the record contains no explanation for the second bill of information, it appears that it was filed because the September 21, 1998 bill of information contained only thirty-four charges. A close examination of that bill of information reflects an error in the numbering of the charges in that two separate charges were assigned the number "16." Other than that error, we find no difference in the two bills of information.

[2]The record contains only the minutes of the December 2, 1998 proceedings. The court minutes indicate that some of the counts to which the defendant plead were originally counts of simple burglary of an inhabited dwelling. Although neither the trial court minutes nor the remainder of the record reflects any amendment to the charges related to simple burglary of an inhabited dwelling, there appears to be no dispute over the fact that the defendant pled guilty only to the simple burglary charges, violations of La.R.S. 14:62.

[3]The trial court also held a hearing on February 17, 1999, and received evidence relative to the pending sentencing. However, the record before us contains no transcript of that hearing.

[4]It is not clear from the record how this eight-month period was derived. However, it appears that the eight-month period corresponded to the time the defendant had been incarcerated since his apprehension for the charged offenses.

the defendant's probation effective April 1, 2000. The trial court had already executed the attached order granting DOC the relief requested. Although the motion requested that the defendant's probation be terminated as having been unsatisfactorily completed, it also stated that the defendant "has complied with all Conditions of Probation." The order was signed without a hearing, and DOC gave the District Attorney's office no prior or subsequent notice of this action.

Two days after the effective date of the defendant's probation termination, Edmond Lacaze, Jr., the District Administrator of DOC, acting on behalf of the Acting Director of the Probation and Parole Division of DOC, provided the defendant with a letter addressed "To Whom It May Concern," specifically stating that the defendant had completed the sentences imposed upon him on February 19, 1999, and that he met "all of the requirements for an automatic first offender pardon, as outlined in R. S. 15:572." The letter further stated:

> Now, therefore, as provided by the constitution, this will certify and proclaim that effective 040100, SNEED, DONALD is fully pardoned for the offense above stated and that all rights of citizenship and franchise are restored in Louisiana, except the right to receive, possess or transport a firearm.

DOC did not provide the District Attorney's office with a copy of this letter, although the letter purports to have provided the Vernon Parish Clerk of Court with a copy.

The matter is now before us because, on July 17, 2002, the trial court, on its own motion, executed an order reinstating the defendant to supervised probation. On August 9, 2002, the defendant filed a motion to set aside this reinstatement order, which motion the trial court rejected after a March 19, 2004 hearing. The defendant then timely filed this application for supervisory writs, seeking review of that reinstatement judgment.

3

**OPINION**

The July 17, 2002 reinstatement order provided as follows:

> Defendant was placed on five years probation on February 19, 1999, and ordered to satisfy numerous conditions. Defendant's probation was terminated unsatisfactorily by order of this court dated April 1, 2000. This order was executed due to a mistake of fact which resulted in an illegal sentence under C.Cr.P. Article 897. Pursuant to Article 882 paragraph (A) the Court's order of April 1, 2000 terminating defendant's supervised probation is rescinded and defendant is returned to active probation forthwith subject to the conditions originally imposed.

At the March 19, 2004 hearing, the trial court explained that it had executed the order releasing the defendant from probation based on DOC's assertion that, because the defendant had been incarcerated for a felony conviction arising in Sabine Parish, Louisiana, he could not satisfy the restitution and fine conditions of his probation. DOC considered it a vain and useless act to maintain the defendant on supervised probation during his incarceration.[5]

The trial court explained that it executed the July 17, 2002 ex parte order because it had learned that, after his release from the Vernon Parish probation, the defendant paid $5,000.00 as restitution in Beauregard Parish before being released from probation on charges arising there.[6] In the trial court's words, "[I]f he's going to pay restitution to victims in Beauregard Parish he ought to pay restitution to the victims in Vernon Parish." In other words, the mistake of fact concerns whether the defendant could make restitution to the Vernon Parish victims while incarcerated.

---

[5]While the record is silent concerning the particulars of the Sabine Parish conviction, it is obvious that its timing was such that it could not be used to revoke the defendant's probation.

[6]The record is silent concerning how the trial court became aware of the Beauregard Parish probation payments, or whether that which it had been told was in fact correct. The only thing that is clear is that the information did not come from the District Attorney's office.

The trial court has the power to "modify, change, or discharge the conditions of probation, or add further conditions authorized by [La.Code Crim.P. art. 895]" at any time during a defendant's probationary period. La.Code Crim.P. art. 896. However, "[i]n a felony case the court may terminate the defendant's probation and discharge him at any time after the expiration of one year of probation." La.Code Crim.P. art. 897. If discharged after the expiration of at least one year of probation, "the defendant shall have satisfied the sentence imposed." La.Code Crim.P. art. 898. In the matter now before us, the defendant began probation on February 19, 1999, and was discharged on April 1, 2000. Thus, more than one year had passed since he was placed on probation.

The state argues that, notwithstanding the provisions of La.Code Crim.P. arts. 897 and 898, the March 15, 2000 order is invalid because it had no notice of the proposed action. The state points to the notification requirements of La.Code Crim.P. art. 822(A), which provides as follows:

> (1) Should the court on its own motion or on motion of the defendant consider setting aside a guilty verdict or a plea of guilty or, after the sentence is imposed, consider amending or modifying the sentence imposed, the district attorney shall be notified and the motion shall be tried contradictorily with the district attorney unless the district attorney waives such contradictory hearing.

> (2) Such motions include but are not limited to motions for a new trial, motions in arrest of judgment, motions for amendment, modification, or reconsideration of sentence, *and motions for modification of conditions of probation or termination of probation.*

(Emphasis added.)

In the matter before us, termination of the defendant's probation did not result from the motion of the trial court or the defendant, but from the motion of DOC, an agency of the state. While La.Code Crim.P. art. 822 could easily require notice to the District

5

Attorney's office in a situation such as that now before us, it does not, and we cannot read such a requirement into the Article.

DOC made a determination that the defendant's supervised probation should not continue and requested relief from the trial court without communicating with the District Attorney's office. The order executed by the trial court met the requirements of La.Code Crim.P. art. 897, and thus the defendant was deemed to have satisfied his sentence. La.Code Crim.P. art. 898. The defendant did nothing improper, and he had complied with all terms of probation at the time of the April 1, 2000 termination. We have been directed to no authority that would authorize the trial court to reinstate a defendant's probation more than two years after he has been properly discharged.

## DISPOSITION

For the foregoing reasons, we grant the defendant's supervisory writ and vacate and set aside the trial court's order rescinding its previous order terminating the defendant's supervised probation. In doing so, we hereby release the defendant from any further obligations under his sentences for those offenses.

**WRIT GRANTED AND MADE PEREMPTORY.**